UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| SUSIE S. MOHORN, *et al.*, | ) | |
| --- | --- | --- |
| Plaintiffs, | ) | |
| v. | ) | No.: 3:05-CV-518 |
| | ) | (VARLAN/SHIRLEY) |
| TENNESSEE VALLEY AUTHORITY, | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Plaintiffs, eight employees of defendant Tennessee Valley Authority's ("TVA") Sequoyah Nuclear Plant, filed this action under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et seq.*, to recover unpaid overtime compensation, liquidated damages, attorneys fees, and costs for TVA's alleged failure to compensate them for overtime hours worked since August 23, 2004. This case is related to the factual findings made and judgment rendered by United States Senior District Court Judge R. Leon Jordan in *Beene, et al. v. TVA*, Case No. 3:99-CV-350 (E.D. Tenn. August 12, 2003) by virtue of a stipulation entered into by the parties in this action [Doc. 11]. As the stipulation explains, in *Beene*, Judge Jordan determined that the positions of RadCon Supervisor and Task Supervisor, the positions held by plaintiffs in this action, were not exempt from the overtime provisions of the FLSA and accordingly, that the plaintiffs in *Beene* were entitled to back pay and liquidated damages through August 22, 2004 as a result of TVA's decision in June 1996 to cease paying overtime to its management employees. [Doc. 11 at ¶¶ 1, 4.] The instant

action involves the issue of whether revisions made to the Department of Labor regulations governing the FLSA effective as of August 23, 2004 would result in the RadCon and Task Supervisor positions no longer being nonexempt from the FLSA's overtime provisions. The parties have stipulated that the facts as determined by Judge Jordan in *Beene* will govern in this case. Specifically, the parties have stipulated the following:

> - The duties of the Plaintiffs as RadCon Supervisors and Task Supervisors have not changed from the date of the *Beene* trial before Judge Jordan to the present.
>
> - TVA will not reargue in the captioned action Judge Jordan's findings and conclusions in *Beene*, but will accept that decision as binding in the captioned action.
>
> - Apart from arguments on questions of law, the briefs in support of and in opposition to the cross motions shall make reference only to the record before this Court in *Beene v. Tennessee Valley Authority, supra*.

[Doc. 11 at ¶¶ 6-8.] Accordingly, the Court will rely upon Judge Jordan's Findings of Fact and Conclusions of Law from *Beene,* [Case. No. 3:99-CV-350, Doc. 94] (hereinafter cited as "*Beene* F&C at _____"), for the undisputed facts in this matter.

This action is currently before the Court on the parties' cross motions for summary judgment. In TVA's motion for summary judgment [Doc. 12], it argues that, as a result of the August 23, 2004 revisions to the FLSA regulations, plaintiffs are subject to the FLSA's administrative and highly compensated employee exemptions, thereby exempting them from the FLSA's requirement of overtime compensation. In plaintiffs' motion for summary judgment [Doc. 17], they argue that "the amended regulations have not changed the criteria for the administrative exemption" and that they still do not meet the definition of

administrative employees and therefore are entitled to overtime compensation, as was determined by Judge Jordan in *Beene*. As to the highly compensated employee exemption, plaintiffs contend that TVA cannot show that this exemption is applicable to the RadCon Supervisor plaintiffs.

The Court has carefully considered the pending motions for summary judgment, as well as the briefs submitted in support of and opposition to the pending motions. [Docs. 14, 18, 19, 22.] For the reasons set forth herein, the Court will grant plaintiffs' motion for summary judgment and deny TVA's motion for summary judgment.

**I.     Relevant Facts**

As noted above, the parties agree that the relevant facts in this case have been determined and set forth in Judge Jordan's Findings of Fact and Conclusions of Law in *Beene*. Accordingly, the Court will only briefly recount those facts to establish the background in which to consider the pending cross motions for summary judgment.

Plaintiffs are all current or former employees of TVA at its Sequoyah Nuclear Plant ("SNP"). [*Beene* F&C at 2.] Seven of the plaintiffs are Radiological Control Shift Supervisors ("RadCon Supervisors")[1] and one, Barry Hooper, is a Modifications Task Supervisor ("Task Supervisor"). [Doc. 14 at 4; Doc. 18 at 4.] On June 10, 1996, TVA changed its overtime policy to cease paying overtime compensation to all management and

---

[1]These plaintiffs include Susie Mohorn, Lindsey Campbell, Jacquelyn Atkerson, James Smith, Thomas Black, Curtis Jordan, and Lyndon Wheeler.

specialist employees. [*Beene* F&C at 2.] This change resulted in the filing of the *Beene* lawsuit on June 30, 1999 by thirty-three current and former employees of SNP. [*Id.* at 4 n. 2.] Four of those plaintiffs were RadCon Supervisors and four were Task Supervisors and therefore had the same duties as the plaintiffs in this action.[2] [*Beene* F&C at 2, 4; Doc. 18 at 4.] As noted above, the *Beene* lawsuit resulted in the determination that the RadCon and Task Supervisors were not exempt from the overtime provisions of the FLSA and that the plaintiffs occupying those positions were entitled to back pay, liquidated damages, and attorney fees. [Doc. 11 at ¶ 1.] Plaintiffs subsequently filed this lawsuit on November 9, 2005 as a result of TVA's alleged unlawful decision to cease paying plaintiffs overtime compensation for overtime hours worked since August 23, 2004. [Doc. 8 at ¶ 5.]

The pending cross motions for summary judgment center on the applicability of the amended FLSA regulations to the positions of RadCon and Task Supervisors and, therefore, a brief recounting of the job duties of those positions is necessary. Given that the parties agree that the respective duties of the RadCon and Task Supervisors have not changed since the issuance of Judge Jordan's decision in *Beene*, [Doc. 14 at 2; Doc. 18 at 3], the Court will look to the Findings of Fact and Conclusions of Law in *Beene* for an articulation of the duties of the plaintiffs in this case.

---

[2]In fact, as plaintiffs note in their memorandum in support of their motion for summary judgment, four of the plaintiffs in the instant case – RadCon Supervisors Thomas Black, Curtis Jordan, and Lyndon Wheeler and Task Supervisor Barry Hooper – were also plaintiffs in *Beene*. [Doc. 18 a 4.]

4

As to the RadCon Supervisors, Judge Jordan determined that their primary duty is "measur[ing] radiation levels to help protect SNP's workers and the public from radiation exposure." [*Beene* F&C at 11.] To that end, the RadCon Supervisors perform quality control review of the documentation prepared by RadCon technicians resulting from their routine radiological surveys of the plant, ensure that such radiological surveys are performed as scheduled, and are authorized to prevent workers from entering an area that has become contaminated with radiation. [*Id.* at 12-13.] The RadCon Supervisors also have human resource-related responsibilities, including issuing oral and/or written warnings in response to minor disciplinary violations of the RadCon technicians and preparing performance reviews which are subject to final review by the manager of SNP's Radiological Control Department. [*Id.* at 13.] RadCon Supervisors "do not hire, fire, or promote technicians or any other employees" and are not involved in budget-related activities or decisions. [*Id.*]

As to the duties of the Task Supervisors, Judge Jordan's factual findings note at the outset that "[t]he Task Supervisors are the lowest ranking persons in the Modifications Department and do not supervise other employees." [*Beene* F&C at 15.] As an employee of SNP's Modifications Department, a Task Supervisor primarily has oversight responsibilities through "monitoring the progress of the installations performed by TVA's contractors, as set forth in detailed work orders, to ensure that the projects are timely performed within budget and in accordance with procedures." [*Id.*] To that end, Task Supervisors act as points of contact between contractors and TVA staff, monitor the work being done by such contractors, and "occasionally attend project meetings." [*Id.* at 16-17.] They do not

5

"determine which modifications are needed," nor do they prepare the work orders for the projects they eventually oversee. [*Id.* at 15-16.]

**II.     Analysis**

   A.     <u>Summary Judgment Standard of Review</u>

Through the pending cross motions for summary judgment, the parties seek summary judgment in their respective favors pursuant to Federal Rule of Civil Procedure 56 on plaintiffs' claim for FLSA overtime compensation. Under Fed. R. Civ. P. 56(c), summary judgment is proper if "the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." The burden of establishing there is no genuine issue of material fact lies upon the moving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n.2 (1986). The court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Burchett v. Kiefer*, 310 F.3d 937, 942 (6th Cir. 2002). To establish a genuine issue as to the existence of a particular element, the non-moving party must point to evidence in the record upon which a reasonable jury could find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The genuine issue must also be material; that is, it must involve facts that might affect the outcome of the suit under the governing law. *Id.*

The judge's function at the point of summary judgment is limited to determining whether sufficient evidence has been presented to make the issue of fact a proper jury question, and not to weigh the evidence, judge the credibility of witnesses, and determine the truth of the matter. *Id.* at 249. Thus, "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250.

As noted above, the parties have stipulated to the relevant facts concerning the job duties of the RadCon and Task Supervisors as those facts have been presented in Judge Jordan's Findings of Facts and Conclusions of Law in *Beene*. [Doc. 11 at ¶¶ 6-7.] As a result, the parties agree that "the duties of the Plaintiffs have not changed since the date of the *Beene* decision" and therefore, those facts are not in dispute. [Doc. 14 at 3; *see also* Doc. 17 at 1.] However, the parties do disagree as to the legal significance of these duties under the revised FLSA regulations as those revisions pertain to the administrative and highly compensated employee exemptions. Accordingly, the Court's analysis will focus on those areas of dispute in order to resolve the pending cross motions for summary judgment. *See Icicle Seafoods, Inc. v. Worthington*, 475 U.S. 709, 714 (1986) (finding that disputes regarding the nature of an employee's duties are questions of fact, but the ultimate question whether an employee is exempt under the FLSA is an issue of law).

B.   <u>Administrative Exemption</u>

TVA argues that, pursuant to the August 23, 2004 revisions made to the FLSA regulations, plaintiffs are exempt from overtime compensation because they were employed by TVA in an administrative capacity. Under the FLSA, non-exempt employees are entitled to compensation for hours worked in excess of forty hours per week at a rate of one-half times their regular rate of compensation. 29 U.S.C. § 207(a)(1). However, section 213(a)(1) of the FLSA exempts from overtime compensation employees who work in a bona fide executive, administrative, or professional capacity. To determine who is considered such an exempt employee, the Department of Labor regulations provides a duties test for employees earning more than $455 per week. 29 C.F.R. § 541.200. The parties do not dispute that plaintiffs earn more than $455 per week.

Under the administrative employee duties test, the FLSA's regulations indicate that an employee qualifies for the administrative exemption when two conditions are fulfilled: (1) that employee's primary duties consist of office or non-manual work directly related to the defendant's management or general business operations, and (2) the employee's position requires the exercise of discretion and independent judgment with respect to matters of significance. 29 C.F.R. § 541.200. Here, it does not appear that plaintiffs dispute that their respective job duties as RadCon and Task Supervisors consist primarily of office or non-manual work directly related to TVA's management or general business operations. Thus, the resolution of the pending cross motions for summary judgment hinges upon the parties' dispute as to the second element of the administrative exemption duties test – namely,

whether plaintiffs, as RadCon and Task Supervisors, had positions with primary duties including the exercise of discretion and independent judgment. [*See, e.g.*, Doc. 22 at 6.]

At the outset, the Court notes that FLSA exemptions are to be "narrowly construed against the employers seeking to assert them." *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 392 (1960); *Mich. Ass'n of Governmental Employees v. Mich. Dept. of Corr.*, 992 F.2d 82, 83 (6th Cir. 1993). The application of an exemption is limited to those circumstances plainly and unmistakenly within the exemption's terms and spirit. *Arnold*, 361 U.S. at 392. The employer bears the burden of proving that a particular exemption applies to the employee at issue, *Mich. Ass'n of Governmental Employees*, 992 F.2d at 83, and accordingly, "must prove each element of the claimed exemption." *Martin v. Indiana Michigan Power Co.*, 381 F.3d 574, 578 (6th Cir. 2004) (internal quotation marks and citations removed). Within the context of cross motions for summary judgment, then, a plaintiff "is entitled to summary judgment unless [the defendant] can come forward with evidence at least creating a genuine issue of material fact as to whether [the plaintiff] meets each and every element of the exemption. *Martin*, 381 F.3d at 578. The Sixth Circuit in *Martin* went on to note that "if [the defendant] fails to proffer such evidence, not only must its motion for summary judgment be denied, but summary judgment for [the plaintiff] must be granted." *Id.*

As Judge Jordan noted in his findings in *Beene*, [*Beene* F&C at 52],[3] the FLSA regulations state that "discretion and independent judgment" within the context of the administrative exemption generally means that the employee at issue engages in "the comparison and evaluation of possible courses of conduct and acting or making a decision after the various possibilities have been considered." 29 C.F.R. § 541.202(a). As the Sixth Circuit has noted, "[t]his process implies 'that the person has the authority or power to make an independent choice, free from immediate direction or supervision, and with respect to matters of significance.'" *Renfro v. Indiana Michigan Power Co.*, 370 F.3d 512, 518-19 (6th Cir. 2004) (quoting 29 C.F.R. § 541.202(c)).

After throughly reviewing the testimony and evidence concerning the job duties of the RadCon Supervisors in *Beene*, Judge Jordan came to the following conclusion:

> [T]he court cannot conclude that these plaintiffs are "evaluating possible courses of conduct" and then making decisions or acting "with respect to matters of significance." 29 C.F.R. § 541.207(a)/202(a). Defendant has not shown, by clear and affirmative evidence, that the [RadCon] Shift Supervisors' primary duty is anything more than a clerical "double-checking" function.... Therefore, because it has not been proven by clear and affirmative evidence that their primary duties "include work requiring the exercise of discretion and independent judgment," the [RadCon] Shift Supervisor plaintiffs...are not exempt under the FLSA's administrative exemption. *See Arnold*, 361 U.S. at 392 (FLSA exemptions apply only to circumstances "plainly and unmistakably within their terms and spirit.").

---

[3]In the *Beene* Findings of Fact and Conclusions of Law, Judge Jordan's citations to the FLSA regulations are to the pre-amendment version of those regulations and, accordingly, the section numbers to which he refers are no longer applicable. For the sake of simplicity, the Court will leave Judge Jordan's citations to the pre-amendment FLSA regulations as they stand when quoting from his Findings of Fact, but will include a citation to the currently-effective section number as necessary.

[*Beene* F&C at 52-53.] As to the duties entailed with the position of Task Supervisor, Judge Jordan determined the following:

> Within plaintiffs' primary duty, the court does not find the exercise of discretion and independent judgment. A great portion of plaintiffs' work is relaying documents and information, which is not the sort of work "involv[ing] the comparison and evaluation of possible courses of conduct and acting or making a decision after the various possibilities have been considered." 29 C.F.R. § 541.207(a)/202(a). When monitoring contractor work, plaintiffs appear to be doing just that – "monitoring" the work for compliance with work orders and procedures. "An employee who merely applies his knowledge in...determin[ing] whether specified standards are met...is not exercising discretion and independent judgment." 29 C.F.R. § 541.207(c)(1)/. The modifications monitored by the Task Supervisors are assigned, scheduled, and planned by others. The manner in which the tasks are performed is governed by strict policies and procedures. Significant decisions are escalated up the chain of command or to other departments to "try to get them to agree." The court therefore cannot conclude that these plaintiffs have "the authority or power to make an independent choice, free from immediate direction or supervision...with respect to matters of significance." 29 C.F.R. § 541.207(a)/202(a).

[*Id.* at 57-58.]

In reviewing these conclusions, it appears to the Court that Judge Jordan applied the now-applicable – and more lenient – standard of the amended FLSA regulations requiring only that an employee's duties "include" discretion and independent judgment in determining that the RadCon and Task Supervisors were non-exempt from the FLSA's administrative exemption in *Beene*. [*E.g., Beene* F&C at 53, 58.] He did not, as TVA attempts to argue, [Doc. 14 at 22-23; Doc. 19 at 4], apply the Sixth Circuit standard applicable under the old FLSA regulations which held that an employee must "customarily and regularly" exercise discretion and independent judgment to fall within the purview of the administrative

exemption. *E.g.*, *Douglas v. Argo-Tech Corp.*, 113 F.3d 67, 72 (6th Cir. 1997). When considered with the parties' stipulation that the job duties of the RadCon and Task Supervisors have not changed since the *Beene* decision, [Doc. 11 at ¶ 6], the Court agrees that neither the RadCon nor Task Supervisors have primary duties including the exercise of discretion and independent judgment.

Upon reviewing Judge Jordan's factual findings in light of the now-applicable FLSA regulations, the Court finds that the determination that plaintiffs are non-exempt employees is well-supported by the record in this case. As to the RadCon Supervisors, Judge Jordan deemed their primary duty to be document review, [*Beene* F&C at 55], given that they are "primarily responsible for overseeing and reviewing the documentation prepared by the [RadCon] technicians" in order to "verify[] that the technicians have filled out their documentation correctly." [*Id.* at 12.] While the RadCon Supervisors perform a function of importance at SNP through their involvement with the monitoring of radiation levels at the plant, their primary duties are not of the type and kind that demonstrate discretion and independent judgment as those terms are understood to mean within the context of the FLSA. In primarily performing "a clerical 'double-checking' function," [*id.* at 52], the RadCon Supervisors' duties are routine and clerical in nature and do not involve "the use of skill in applying well-established techniques, procedures or specific standards...." 29 C.F.R. § 541.202(e). Thus, it appears to the Court that the RadCon Supervisors still are not "involve[d] in the comparison and the evaluation of possible courses of conduct," nor the

"acting or making [of] decision[s] after the various possibilities have been considered." *Id.* at 202(a).

With regards to the position of Task Supervisor, Judge Jordan determined that the primary duty of that position entailed serving as points of contact between contractors working for TVA and the appropriate TVA Project Manager, [*Beene* F&C at 17, 56], and therefore spend the majority of their time monitoring the work of the contractors and "relying documents and information" between the contracts and Project Managers. [*Id.* at 57.] They do not otherwise make any decisions with regards to the projects and contractors they monitor, [*id.* at 15-16], and in this way, do not have "authority to make an independent choice, free from immediate direction or supervision." 29 C.F.R. § 541.202(c). Like the RadCon Supervisors, the primary duties of the Task Supervisors are quite clerical, entailing the performance of "repetitive, recurrent, [and] routine work," and therefore does not strike the Court as involving the exercise of discretion and independent judgment. *Id.* at § 541.202(e).

Thus, the Court cannot conclude that TVA has now carried its substantial burden of establishing that plaintiffs' job duties involve the exercise of discretion and independent judgment such that they would fall into the administrative employee exemption. *See Lee, et al. v. TVA*, 2007 WL 470353 at *4 (E.D. Tenn. Feb. 9, 2007) ("Just as TVA could not establish that the Task Supervisors/Mangers exercised discretion and independent judgment in *Beene*, they also cannot do so under the revised regulations in this case.") Accordingly,

plaintiffs are not exempt from the FLSA's overtime compensation requirement as administrative employees.

C. Highly Compensated Employee Exemption

In the alternative, TVA argues that the RadCon Supervisor plaintiffs are exempt from overtime compensation by virtue of being "highly compensated employees" pursuant to/under 29 C.F.R. § 541.601. [Doc. 14 at 28-30.] Specifically, TVA argues that the RadCon Supervisors customarily and regularly perform an administrative duty by "overseeing their Radcon technicians and ensuring that they perform their work in accordance with applicable procedures...." [*Id.* at 29.] Plaintiffs do not dispute that the RadCon Supervisors have a total annual compensation of over $100,000. However, they argue that the second prong of the highly compensated employees test does not apply to them on the grounds that their duties are not sufficiently administrative to result in them "customarily and regularly" performing the duties of an administrative employee. [Doc. 18 at 25.] Here again, the Court notes that TVA bears a heavy burden in seeking to establish the applicability of this overtime exemption, given that "[t]he exemptions to the FLSA's overtime provisions are to be narrowly construed against the employers seeking to assert [them], and the employer bears not only the burden of proof, but also the burden on each element of the claimed exemption." *Martin*, 381 F.3d at 578 (internal quotation marks and citations omitted).

Under the highly compensated employee exemption, a new addition to the FLSA regulations as a result of the August 2004 amendments, employees earning in excess of $100,000 per year are exempt from the FLSA's overtime compensation requirement provided

14

that those employees "customarily and regularly" perform "any one or more of the exempt duties or responsibilities of an executive, administrative or professional employee" under the FLSA. 29 C.F.R. § 541.601. While admittedly a bit amorphous, the FLSA regulations attempt to define those duties that directly relate to the management or general business of an employer and therefore constitute administrative ones, and provide that "[t]o meet this requirement, an employee must perform work directly related to assisting with the running or servicing of the business, as distinguished, for example, from working on a manufacturing production line or selling a product in a retail or service establishment." *Id.* at § 541.201(a). The regulations further provide examples of the types of positions that generally qualify for the administrative employee exemption, including "work in functional areas such as tax; finance; accounting; budgeting; auditing; insurance; quality control; purchasing; procurement; advertising; marketing; research; safety and health; personnel management; human resources; employee benefits; labor relations; public relations, government relations; computer network, internet and database administration; legal and regulatory compliance; and similar activities." *Id.* at § 541.201(b).

After carefully reviewing Judge Jordan's factual findings from *Beene*, the Court agrees with plaintiffs' contention that TVA has not presented evidences sufficient to show that the RadCon Supervisor plaintiffs customarily and regularly perform the duties of an administrative employee. As Judge Jordan determined in *Beene*, the primary duty of the RadCon Supervisors is merely "a clerical 'double-checking' function" given that they primarily engage in document review and otherwise occasionally engage in task prioritization

15

and the conducting of performance reviews. [*Beene* F&C at 52-53, 55.] As noted above, Judge Jordan further determined that the RadCon Supervisors were not exercising the kind of exercise and independent judgment that is the earmark of an administratively exempt employee given that it was not proven that they were "evaluating possible courses of conduct and then making decisions or acting with respect to matters of significance." [*Id.* at 52] (internal quotation marks and citation removed). These duties do not strike the Court as fitting plainly within the kinds of administrative tasks suggested by the FLSA regulations as being administrative, and therefore, the Court cannot determine that TVA has either established or raised a genuine issue of material fact regarding whether the RadCon Supervisors plaintiffs customarily and regularly performed the duties of an administrative employee. Accordingly, those plaintiffs are also not exempt from the FLSA's overtime compensation requirement as highly compensated employees. *See Martin*, 381 F.3d at 584.

## III.  Damages

Because TVA has failed to proffer evidence creating a genuine issue of material fact as to whether plaintiffs fall into the administrative employee and/or highly compensated employee exemptions to the FLSA, summary judgment for plaintiffs must be granted. *See Martin*, 381 F.3d at 578. Accordingly, the Court will now turn to the issue of the amount of TVA's liability. Plaintiffs' motion for summary judgment ask the Court to award them overtime pay, liquidate damages, and attorney's fees pursuant to the FLSA. [Doc. 17 at 2.] The FLSA provides that "[a]ny employer who violates the provisions of [section 207] of this

title shall be liable to the employee or employees affected in the amount of their unpaid . . . overtime compensation . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Because the liquidated damages provision is "compensatory, not punitive in nature," *Martin v. Cooper Elec. Supply Co.*, 940 F.2d 896, 907 (3d Cir. 1991)), courts may limit or not award liquidated damages, "if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA] . . . ." § 260. In addition to any unpaid compensation and liquidated damages, a court may hold an employer liable for the payment of a reasonable attorney's fee and litigation costs. *See* § 216(b).

In the present case, it is undisputed that TVA has failed to pay plaintiffs overtime compensation for their overtime hours worked since August 23, 2004, although the exact amount of that compensation has not been established. Additionally, TVA has failed to show that it acted in good faith or that it had reasonable grounds for failure to comply with the overtime compensation requirement of FLSA. *See* § 260. *See also* Doc. 27. Therefore, TVA will be liable to plaintiff for the sum of unpaid overtime compensation and an additional equal amount as liquidated damages. *See* § 216(b).

## IV. Conclusion

For the reasons set forth herein, TVA's Motion for Summary Judgment [Doc. 12] is **DENIED**, plaintiffs' Motion for Summary Judgment [Doc. 17] is **GRANTED**, and judgment will be entered in favor of plaintiffs.

The Clerk is directed to enter judgment accordingly.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE